IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE | BANKRUPTCY 18-02100 MCFs |
| VICTOR M MUNOZ MORALES & ZOE DELY GONZALEZ JIMENEZ | CHAPTER 13 |
| Debtors | |

DEBTORS' MOTION TO INFORM REPEATED FOLLOW UP w/ FIRSTBANK of PR to PREPARE FOR FINAL HEARING ON §362 MOTION FOR RELIEF TO NO AVAIL

TO THE HONORABLE COURT:

COME NOW debtors through their legal representation and respectfully inform this Court of repeated outreach with Movant to no avail:

1. This case was filed on April 19, 2018 under the provisions of Chapter 13 of the Bankruptcy Code 11 U.S.C. §1301 *et seq*. Doc #1.

2. The Plan dated **November 29, 2018** was confirmed on **December 7, 2019** at doc #48.

3. The §362 motion was filed on **May 9, 2019** at doc #54. Debtors responded to the same on **May 22, 2019** at docs #63 and #83.

4. The first hearing in this matter was scheduled for **June 4, 2019.** On the same date after arriving in San Juan we were called by Movant to agree to continue the hearing for a later date, to which we agreed and returned to our office in Hatillo without arriving at the Court house but nevertheless already parked in Old San Juan.

5. The next hearing on this matter was scheduled for **August 20, 2019** and although counsel for debtor sought a continuance of that hearing on **August 13, 2019**, Movant did not acquiesce to a change in the hearing date so substitute counsel was coordinated before traveling outside of Puerto Rico on a family emergency.

6. Substitute counsel, Lyssette Morales Vidal appeared on behalf of the debtors on **August 20, 2019.** Debtors were present at the scheduled hearing. After discussion of the case between both counsels and reminding counsel of the innumerable calls and contacts with his office by counsel for debtors to resolve what we understand to be an unnecessary hearing, Movant once again requested to agree to another continuance to certify, as we both informally concluded on that same date, that debtors were not in default and/or needed to cure what we both understood on that date to be payment of the August installment only.

7. Movant promised counsel to resolve the matter and send us a Stipulation promptly after the last hearing. None was received by counsel for debtors during the almost one month since the last hearing on **August 20, 2019**.

8. After many calls and contacts by counsel for debtors, Movant's attorney and/or his office assured us that they were still awaiting confirmation of what appeared at the last hearing date was no longer an issue: that debtors only owed the then current month of August.

9. On this same date, or the day prior to the hearing, upon once again reaching out to Movant, counsel for debtors has now been informed that the default is near $5,000, amount which debtors deny. Refer to table and supporting evidence attached to doc #63 and pleading at doc #83.

10. At the beginning of this matter, near to May, counsel for debtor made a RESPA request to Movant for a detail of debtors' payments during the last year, or more exact, from petition date to the date of the §362 motion in May when the motion was filed.

11. Despite repeated calls to Movant and emails, Movant has failed to deliver a payment history as requested months ago.

12. The debtors requested and obtained approval for Loss Mitigation at docs #76 and #77. They have delivered the required documentation to FirstBank, yet under the pressure of the pending §362 motion have paid with utmost sacrifice debtors the 16 payments since the filing of the case, 16 months and 28 days have transpired since the filing of this case as of **April 19, 2019.**

13. Debtors have raised valid defenses in their response(s) to the §362 *Motion for Relief from Automatic Stay* at docs #63 and #83 which should be considered by this Court at the third hearing on this matter on **September 17, 2019.**

14. Movant's lack of precision in its motion, its constant change in balances owed [although denied], and what appears to be deficient accounting of its mortgage and bankruptcy accounts should result in the denial of the motion in favor of debtors.

15. Counsel for debtors has expended substantial time and effort reaching out to Movant to no avail. Despite counsel's constant and repeated telephonic contacts with Movant through its counsel's office, we are no where near to resolving the issue of what is NOT OWED by debtors.

WHEREFORE, debtors humbly request this Honorable Court, to take notice of the information given before and deny First Bank's motion for relief from the automatic stay.

**CERTIFICATE OF SERVICE**: I hereby certify that on this date, I electronically filed the above document with the Clerk of the Court using the ECF/CM System which sends a notification of such filing to ECF/CM user and by regular mail to non ECF/CM users.

In Hatillo Puerto Rico, September 16, 2019

*Respectfully Submitted*

**/s/ Melissa Cofán Hernández**

**MELISSA COFAN HERNANDEZ**
USDC PR #224206
PO BOX 944
DORADO PUERTO RICO 00646
TEL. (787) 640-6882
melissacofan@yahoo.com

*For Debtors*